IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EDDIE E. BROWN JR,

Plaintiff,

vs.

NE BOOK COMPANY, and SAM MILLER,

Defendants.

**4:22CV3255**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's pro se Complaint filed on November 28, 2022. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2). Also before the Court is Plaintiff's Motion to Update Information, docketed at Filing No. 6.

**I. SUMMARY OF COMPLAINT**

On November 28, 2022, Plaintiff filed his Complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17. Filing No. 1 at 3. Plaintiff used the Pro Se 7, Complaint for Employment Discrimination form and submitted a separate page of allegations. *See* Filing No. 1. On the form, Plaintiff identified racial discrimination as the basis for his claim. *Id.* at 4. Plaintiff alleges that he filed a charge with the Equal Employment Opportunity Commission on September 12, 2022, and received a Notice of Right to Sue Letter on an unspecified date. *Id.* at 5. Plaintiff did not attach a Notice of Right to Sue Letter to the Complaint.

Liberally construed, Plaintiff alleges that he was wrongfully terminated from his employment at NE Book Company on January 25, 2021, when Defendant Sam Miller "sent an email to Express Employment Professional . . . to end my assignment for harassment and lack of professionalism." *Id.* at 4, 7 (spelling corrected).

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation

is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

#### A. Timeliness and Exhaustion of Remedies

To pursue discrimination and retaliation claims under Title VII, the ADA, and the ADEA, a plaintiff must exhaust all administrative remedies. To accomplish this, a plaintiff must seek relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (stating that the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to disability discrimination claims under the ADA); *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court."). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1).

For an administrative charge to be "timely," the employee must either file it with the EEOC within 180 days of the alleged unlawful employment practice, or file it with a

3

state or local agency within 300 days of the alleged unlawful practice. 42 U.S.C. § 2000e-5(1). In Title VII and ADA cases, the charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C. § 2000e-5(f)(1).

Plaintiff indicated in his Complaint that he filed a charge with the EEOC on September 12, 2022, and received a Notice of Right to Sue Letter, but did not specify on what date the notice was received. Filing No. 1 at 5. If Plaintiff indeed filed a charge only with the EEOC, it was filed more than 180 days from the alleged discriminatory conduct and would not be timely. There is no allegation that Plaintiff filed a charge with the NEOC. The Form Pro Se 7 Plaintiff used for his Complaint instructed him to attach a copy of the Notice of Right to Sue Letter to the Complaint, but Plaintiff failed to do so. Thus, the Court cannot confirm whether Plaintiff's Title VII claim is timely. If Plaintiff chooses to amend the Complaint, the Court specifically instructs him to attach a copy of the Notice of Right to Sue Letter.

**B.  Sufficiency of the Complaint**

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "A prima facie case of discrimination requires that the plaintiff '(1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) suffered under circumstances permitting an inference of discrimination.'" *Schaffhauser v. United Parcel Serv., Inc.*,

794 F.3d 899, 903 (8th Cir. 2015) (quoting *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 681 (8th Cir. 2012)).

Even liberally construed, Plaintiff's Complaint does not allege a prima facie case of discrimination.  Plaintiff checked the box on his form Complaint to allege he was discriminated against on the basis of his race.  Filing No. 1 at 4.  However, Plaintiff does not allege that he is a member of a protected class or describe any circumstances that would give rise to an inference of discrimination based on his race.  He alleges only that his assignment ended "for harassment and lack of professionalism." *Id.* at 7 (spelling corrected).  Even construed liberally, these allegations do not support a reasonable inference that Defendants are liable for racial discrimination, nor do they provide fair notice of the nature and basis or grounds for Plaintiff's discrimination claim.

However, on its own motion, the Court will provide Plaintiff with the opportunity to (1) amend his Complaint to sufficiently allege a Title VII claim against Defendants, and (2) file a copy of his EEOC charge and Notice of Right to Sue with the Court.  Plaintiff should be mindful to allege that he is a member of a protected class and describe how Defendants discriminated against Plaintiff on the basis of his race, to the extent such facts can be credibly alleged.

### IV. MOTION TO UPDATE INFORMATION

Plaintiff moves to update his contact information in this case.  Plaintiff specifically requests that all documents and filings be emailed to him at the email address provided. Filing No. 6.  Plaintiff explains that he is no longer at the address of record and is currently homeless.  *Id.*  Plaintiff's request fulfills his obligation to keep the Court informed of his current address at all times.  *See* NEGenR 1.3(e) and (g) (requiring pro

se parties to adhere to local rules and inform the Court of address changes within 30 days).  If Plaintiff obtains a new physical address, he must update the Court within 30 days of the address change.   In the intervening time, Plaintiff's communication, docketed as a motion, will be denied as moot.  On January 26, 2023, the Clerk of the Court entered a public remark that Plaintiff's e-filing request was granted, and his email address was added to the record.   Thus, an order from the Court is not necessary because all filings in this case will be sent to Plaintiff at the email address provided unless and until his e-filing privileges are revoked.

IT IS THEREFORE ORDERED:

1.     Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.   In his amended complaint, Plaintiff must comply with federal pleading requirements.  Plaintiff should be mindful to allege that he is a member of a protected class and describe how Defendants discriminated against Plaintiff on the basis of his race, to the extent such facts can be credibly alleged.

2.     In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations.   Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.     The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

4.    Plaintiff's Motion to Update Contact Information, Filing No. 6, is denied as moot.

5.    The Clerk of the Court is directed to set a pro se case management deadline using the following text: **March 13, 2023**—amended complaint due.

Dated this 9th day of February, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge